UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

    - against -

PIERRE DELIS,

          Defendant-Appellant.
---------------------------------------------------------------- X

**MEMORANDUM DECISION**

CR-06-0829 (BMC)

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT ... N.Y.
FEB 4 ...
P.M. _____
TIME A.M. _____

**COGAN, District Judge.**

Pierre Delis was convicted, after a bench trial before United States Magistrate Judge Joan Azrack, of one count of simple assault, in violation of 18 U.S.C. § 113(a)(5). Simple assault is a Class B Misdemeanor, 18 U.S.C. § 3559(a)(7), and constitutes a "petty offense" under 18 U.S.C. § 19. On July 12, 2007, Delis was sentenced to "time served" – consisting of the several hours he spent in detention before bail was set – and a $10 special assessment. This case is before the Court on Delis' appeal of the conviction pursuant to 18 U.S.C. § 3402 and Fed. R. Crim. P. 58(g)(2)(B).

## BACKROUND

The evidence at trial established that on September 24, 2006, Pierre Delis was a passenger on American Airlines flight number 65 from Zurich, Switzerland to John F. Kennedy International Airport in Queens, New York. Ms. Louisa Williams-Beauvil was employed as a flight attendant on the aircraft and was assigned to the rear section of the plane's cabin, the section in which Delis was seated. Approximately one and one-half

hours into the eight-hour flight, while the flight attendants were in the process of serving meals, a heated verbal altercation took place between Delis and Beauvil.

Evidence concerning the altercation included testimony from Delis and Beauvil, testimony from witnesses onboard the flight, and photographs taken by Beauvil showing discoloration or bruising. It was not disputed that the altercation originated as a verbal argument between Delis and Beauvil concerning the in-flight meal. As the argument intensified, Beauvil believed that Delis had cursed at her. There were conflicting accounts concerning the moments that immediately followed this alleged cursing.

Beauvil testified to two distinct instances in which Delis made physical contact with her. First, she claimed that after he cursed at her, she immediately felt "a blow" just under her left breast. In reaction to this first strike, she grabbed his chin with her left hand. When she grabbed his chin, Delis made contact with her a second time, slapping her arm away with his hand. At that point, another flight attendant, Nestor Quecuty, restrained Delis and Beauvil left the section.

Delis admitted that the two got into a verbal argument, but insisted that he only made physical contact with Beauvil on one occasion. He testified that while they were arguing, he eventually told her, "forget it." Delis claimed that Beauvil misheard him and believed instead that he had cursed at her. Delis denied cursing at her, but the argument intensified. He testified that during the argument, she leaned over him and pointed her finger at his face and, in order to get her hand out of his face, he slapped her arm away. After he pushed her arm away, she immediately hit him across the face. At this point he tried to stand up to protect himself but was held down by his seat belt and then by Mr. Quecuty.

Mr. Quecuty also testified before the Magistrate Judge. According to his testimony, he heard the verbal altercation between Beauvil and Delis and approached the two to calm the situation. He claimed that as the argument intensified, Beauvil leaned down and pointed her finger at Delis' face, and that Delis then "took a swing at Mrs. Beauvil," and her arm flew backwards. She then hit him with an open hand on the left side of the face. Delis was restrained when he attempted to stand up, and Beauvil left the section.

Both parties agree that the altercation lasted between 30 seconds and one minute and that Delis remained in his seat without incident for the remainder of the flight. Beauvil continued to perform her duties as flight attendant, servicing all her passengers, with the exception of Delis, for the remainder of the flight. When the plane landed at JFK, Delis was arrested and Beauvil was transported to the hospital. Beauvil presented photographs of bruising that allegedly occurred as a result of the incident and offered testimony from a physician's assistant who treated her at the hospital.

In its summation, the Government argued that Delis struck Beauvil, "Not once, but twice," and that "either of these offensive contacts is sufficient to support a conviction." It asserted: "If you find that Mr. Delis touched Ms. Beauvil in an offensive manner during the altercation on Flight 65, then you must find that he is guilty of simple assault" because simple assault "only requires that Mr. Delis willfully made or attempted to make an offensive contact with Ms. Beauvil."

Delis, by contrast, insisted that the evidence led to the conclusion that he only made physical contact with Beauvil one time and did so with the intent to "get the arm out of his face and not an attempt to cause injury or harm." He argued that in order to

prove the charge of simple assault, the Government was required to show that he acted with the "intent to cause injury." According to Delis, the evidence was insufficient to show that the alleged first strike (the punch to the ribs) occurred, as it was not corroborated and Beauvil was shown to be an unreliable witness. Defense counsel admitted that the second instance of physical contact (slapping Beauvil's arm) did occur, but argued that the charge of simple assault could not stand up as the Government did not show that Delis had acted with the intent to cause injury.

The Magistrate Judge held that simple assault does not require an intent to inflict injury. Concerning the alleged second strike, the slapping of Beauvil's arm, she stated that, "there is an intent – an intent to engage in an offensive touching." She ruled that "[Delis] was the reason it escalated, and [he] is the one who initiated the physical contact, unwanted, offensive, physical contact." She concluded:

> Based on the evidence… the Government has more than satisfied their burden of proof beyond a reasonable doubt with regard to the crime of simple assault. While the victim in this case may be prone to exaggeration, with regard to the critical element her testimony was corroborated, and I find her credible on the critical elements of whether she was the victim of unwanted, offensive physical contact.

## DISCUSSION

The sole issue on appeal is whether simple assault requires an intent to inflict injury. On an appeal from a decision of a Magistrate Judge, the district court reviews conclusions of law *de novo*. United States v. Bronx Reptiles, Inc., 26 F.Supp. 2d 481 (E.D.N.Y. 1998).

Section 113(a) of Title 18, United States Code, proscribing assaults committed within the maritime and territorial jurisdiction of the United States, lists seven different forms of assault:

> Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:
>
> (1) Assault with intent to commit murder, by imprisonment for not more than twenty years.
>
> (2) Assault with intent to commit any felony, except murder or a felony under chapter 109A, by a fine under this title or imprisonment for not more than ten years, or both.
>
> (3) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by a fine under this title or imprisonment for not more than ten years, or both.
>
> (4) Assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than six months, or both.
>
> (5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.
>
> (6) Assault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both.
>
> (7) Assault resulting in substantial bodily injury to an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 5 years, or both.

Some of these subsections expressly require intent as an element of the crime. Subsection (a)(5) does not. The lack of a specific intent requirement is confirmed by the Second Circuit's decision in United States v. Martin, 536 F.2d 535 (2d Cir. 1976). There, the defendant appealed his conviction under what was then §113(d) of the statute

and is now §113(a)(4), "assault by striking, beating or wounding."[1] Martin had been confronted by two security officers at a Veterans Hospital following a report that he had been seen carrying a knife. When the officers ordered him against a wall so that he could be frisked, he swung away from the wall and, in doing so, struck one of the officers. Martin contended on appeal that because the Magistrate Judge had "found an intent to strike and scuffle but made no finding concerning his intent to injure, his conviction must be overturned." Id. at 535.

The Second Circuit considered the various types of assault punishable under 18 U.S.C. § 113. It noted that in what is now subdivisions (a)(1), (a)(2), and (a)(3), Congress provided that there must be a showing of specific intent, but that subsections (a)(4) and (a)(5) contained no similar requirement. The Court found that the contrast between the subdivisions was obvious and therefore affirmed the conviction.

Numerous decisions have followed Martin. See e.g. United States v. Bayes, 210 F.3d 64, 68 (1st Cir. 2000) ("The slightest willful offensive touching of another constituted a battery... regardless of whether the defendant harbor[ed] an intent to do physical harm"), quoting United States v. Williams, 197 F.3d 1091, 1096 (11th Cir. 1999)[2]; United States v. Brown, 15 F.3d 1090 (9th Cir. 1993); United States v. Lewis, 780 F.2d 1140 (4th Cir. 1986); United States v. Perez, 43 F.3d 1131 (7th Cir. 1994). See

---

[1] The subsections in §113 were renumbered by amendments in 1994. As the Government points out, had Congress intended simple assault to require specific intent, it would have augmented the language of the statute rather than just renumbering the sections.

[2] The district court in Bayes had determined that "simple assault" required a showing of specific intent, and gave a jury instruction stating that "to prove simple assault, the government must demonstrate [that] the defendant willfully attempted to inflict injury upon the person of another or threatened to inflict injury on the person of another, coupled with an apparent present ability to do so, [and/ or] caused [a] reasonable apprehension of immediate bodily harm." United States v. Bayes, 210 F.3d 64, 67 (2000). The First Circuit, while affirming the decision, specifically rejected these instructions and the requirement of a finding of specific intent.

also United States v. Gan, 636 F.2d 28, 29 (2d Cir. 1980) (construing §112, which prohibits "assaults" or "strikes" against a foreign official, and stating that "[n]either the plain language of section 112(a) nor judicial construction of similar assault statutes require proof of injury or intent to injure"); United States v. Padilla, 771 F.Supp. 35, 40 (E.D.N.Y. 1991) ("assault as proscribed be section 111 [prohibiting "assault" of a federal officer] is general intent crime which does not require proof of an intent to injure").

This authority is consistent with the common law definition of the crime of assault. At common law, assault had two meanings, "the first being an attempt to commit a battery and the second [being] an act putting another in reasonable apprehension of bodily harm." United States v. Bell, 505 F.2d 539, 540 (7th Cir. 1974). A battery did not require proof that the defendant intended to injure another or to threaten harm; offensive touching, in the absence of a valid justification or excuse, would suffice. Bayes, 210 F.3d at 68 (citing 2 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 7.15(a), at 301-02 (1986)). Following this view, the common law provided that "an assault committed by way of battery did not require an intent to cause or threaten injury as long as the defendant touched another in a deliberately offensive manner without a valid reason to do so." Bayes at 69. "The term 'willful' as used at common law as an element of a general intent crime refers to a volitional act." United States v. Loera, 923 F.2d 725 (9th Cir. 1991). In order to show general intent, all that is necessary is to show that the defendant acted of his own volition. United States v. Brown, 15 F.3d 1090 (9th Cir. 1993). "The only question is whether the person could have refrained from doing it, or whether he was controlled by some irresistible power. If he could have refrained, the act is voluntary." Loera at 728.

Against this volume of authority, Delis relies on dictum from United States v. Chestaro, 197 F.3d 600, 605 (2d Cir. 1999). Although the trial court's jury instruction in that case had included specific intent to injure, that had been agreed to by the parties, perhaps because the simple assault charge in that case was a lesser included offense to a more aggravated assault charge. In any event, the only issue before the Circuit was the constitutionality of the statute in question, 18 U.S.C. §111. The Second Circuit, although quoting with approval the agreed-upon definition of simple assault to include specific intent to injure, never had occasion to consider whether the specific intent element was actually required. In no way did the Circuit suggest that it was overruling Martin or disagreeing with the numerous cases which, in reliance upon it, had expressly held that simple assault does not require specific intent to injure.

Applying this principle to the instant case, the decision of the Magistrate Judge must be affirmed. The Magistrate Judge specifically found "an intent to engage in an offensive touching" and that Delis "was the reason it escalated, and [he] is the one who initiated the physical contact, unwanted, offensive, physical contact."

## CONCLUSION

The decision of the Magistrate Judge is affirmed. The Clerk is directed to enter judgment.

**SO ORDERED.**

/s/(BMC)

_____
U.S.D.J.

Dated: Brooklyn, New York
February 1, 2008